IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

DAVID EDGAR BURNETT
ADC #86050
                                                                                 PLAINTIFF

v.                              1:07CV00046SWW/HLJ

CLEBURNE COUNTY
DETENTION CENTER, et al.                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #83). Plaintiff has filed responses in opposition to the motion, including his own motion to dismiss defendants' motion (DE ##94-97).

Plaintiff is a state inmate incarcerated at the Quachita River Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs while he was incarcerated at the Cleburne County Detention Center from January 16, 2007 until his transfer to the ADC on August 9, 2007.[1] Plaintiff asks for damages from the defendants, who are: Sheriff Marty Moss, Jail Administrator Richard Swain, Jailer Chris Clark, and Nurse Diana Fee.

---

[1] Although the parties do not specify, the Court assumes from the plaintiff's complaint that at the time of the incarceration he was a pretrial detainee.

According to his original and amended complaints, plaintiff alleges that when he arrived at the Cleburne County Jail in January, 2007, he requested that he be provided all his current medications. Plaintiff alleges he suffers from spinal muscular atrophy, Parkinson's disease, and nerve damage. Plaintiff states although defendants told him to call his family about his medications, when the medications arrived at the Jail, defendant Clark would not permit plaintiff to have the medications. Plaintiff further alleges he suffered pain until he received his medications a few weeks later. Plaintiff also complained on March 8, 2007, about a lack of cold water in the cells, which prevented him from taking his blood pressure medication. He also alleges that when he became ill with chest pain on April 18, 2007, it took defendants thirty five minutes to transport him to a hospital located only five minutes from the Jail. Plaintiff alleges defendants inserted a catheter into him in a non-sterile room at the Jail, and that defendants consistently tried to resolve his complaints through medication, as opposed to appropriate medical examinations and treatment. Finally, he states although he was supposed to have his catheter removed in August, defendants failed to remove it prior to his transfer to the ADC, in order to save money and time.

## II.  Summary Judgment Motion

A.  Defendants' Motion

In support of their motion, defendants initially state that plaintiff's complaint against them should be dismissed because he does not specify the capacity in which they are being sued, and therefore, he sues them in their official capacities only. By suing defendants in their official capacities, defendants state plaintiff is in effect suing the governmental entity, and the entity's policy or custom must be responsible for the violations of plaintiff's rights. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). In addition, defendants state plaintiff can not produce any verifying medical

evidence which supports a finding that they ignored an acute or escalating situation which adversely affected the progress of his treatment, citing Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995). Defendants state plaintiff's medical records from the Jail show he was seen and treated by nurses and physicians on numerous occasions for his complaints, and provided prescriptions for tramadol, lyrica, vytorin, ranitidine, tepro, HCTZ, and isinopril. See DE #85, Exs. 3, 4. Defendants provide a copy of the grievance plaintiff filed concerning the lack of cold water in his cell, which reflects that upon testing, the water in his cell ran cold. See DE #85, Ex. 2. Defendants state plaintiff was transported to the local hospital on April 18, 2007, after complaining about chest pains, and was released the next day after tests did not reveal any abnormalities. Plaintiff was treated by a local physician on July 3, 2007 and July 17, 2007, for complaints of an inability to urinate. On the latter date, a catheter was inserted into plaintiff in order to alleviate some of plaintiff's discomfort.

Defendants state plaintiff provides no proof that their actions support a finding of deliberate indifference to his medical needs. In addition, defendants state differences of opinion concerning a particular course of medical treatment do not rise to the level of a constitutional violation, citing Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). Finally, defendants state plaintiff can not prove that any delay in treatment resulted in harm to him, and that plaintiff can not meet their proof of his medical treatment with proof that their actions were deliberately indifferent to his needs.

B. Plaintiff's Response

In his responses, plaintiff alleges defendants failed to act appropriately by not arranging for a follow-up by his personal physician following his hospitalization in April, 2007. Plaintiff states the need for medical treatment was obvious to defendants, and that they failed to act appropriately and "drowned" him in medications instead of properly providing medical treatment.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

D.  Analysis

Initially, the court notes that Constitutional claims filed by inmates incarcerated as pretrial detainees are analyzed under the Fourteenth Amendment Due Process clause.  Johnson-El v. Schoemehl, 878 F.2d 1043 (8th Cir. 1989).  However, Courts apply the same Eighth Amendment deliberate indifference standard to these situations.  See Whitnack v., Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).

In order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 827 (1994).  However, even negligence in diagnosing or treating a medical condition does not

constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).

     Having reviewed the plaintiff's medical records provided by defendants, the Court finds no evidence of deliberate indifference to plaintiff's serious medical needs. While the Court does not doubt plaintiff's needs were serious, according to those records, plaintiff was consistently treated by defendants through examinations and medication. Plaintiff arrived at the Jail with numerous medical problems, according to his records, and left the Jail with those same problems. However, plaintiff does not allege any specific harm as a result of his allegations of improper treatment, and

he provides no evidence that defendants' actions resulted in his further harm or were motivated by an intent to cause him harm.

In conclusion, the Court finds no dispute of material fact and that defendants are entitled to Judgment as a matter of law on plaintiff's claims against them.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #83) is hereby GRANTED and plaintiff's complaint against defendants is hereby DISMISSED with prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss defendants' motion (DE #95) is DENIED.

IT IS SO ORDERED this 23rd day of July, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge